**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ | ) | |
| MSHAIRI JONATHAN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1255 (ABJ) |
| | ) | |
| D. SMITH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Mshairi Jonathan Miller, proceeding *pro se*, has brought this action against both the United States Department of Treasury Financial Management Service ("FMS") and an individual identified as D. Smith, in her official capacity as Accounts Manager for the Maryland Department of Budget and Management Central Collection Unit. Plaintiff challenges the offset of federal payments owed to him for his work as an independent contractor for the Superior Court of the District of Columbia. The complaint alleges that defendants have wrongfully offset the entire value of his payments in order to discharge a non-tax debt that plaintiff owes to the State of Maryland.

Currently pending before the Court are motions to dismiss or for summary judgment by both FMS, [Dkt. # 6], and Smith [Dkt. # 25]; plaintiff's motion for leave to file an amended complaint, [Dkt. # 35]; a renewal of FMS's motion to dismiss or for summary judgment as to the proposed amended complaint, [Dkt. # 43]; and plaintiff's motion for summary judgment, [Dkt. # 47]. Because the Court lacks jurisdiction over plaintiff's claims against both defendants for monetary relief and over plaintiff's claims against Smith that arise under state law, and because

plaintiff's remaining claims against both defendants are legally deficient, the Court will dismiss all of plaintiff's claims except for his claims for injunctive relief against FMS, and it will grant summary judgment for FMS on the remaining claims. Although the Court is sympathetic to plaintiff's concerns, and it has made several efforts to bring the parties together to achieve a mediated resolution, those efforts have failed, and the Court must proceed to the merits of his complaint. Holding plaintiff's complaint to less stringent standards than it accords formal pleadings drafted by lawyers, the Court finds that plaintiff has failed to advance a viable legal theory under which a federal court in this district could grant him relief.

## BACKGROUND

### I.    Factual Background

The following factual allegations appear in both plaintiff's complaint, [Dkt. # 3-1], and his proposed amended complaint, [Dkt. # 35-2], unless otherwise noted.

Plaintiff is an independent contractor who has been providing services as a legal investigator to the Superior Court of the District of Columbia since 2005. Compl. ¶ 1; Proposed Am. Compl. ¶ 1. To receive payment for his work, plaintiff allegedly submits a voucher for each case for which he performs work to the Superior Court's finance office. Compl. ¶ 2; Proposed Am. Compl. ¶ 2. Plaintiff's payment is deposited directly into his checking account. Compl. ¶¶ 3–4; Proposed Am. Compl. ¶¶ 3–4. Plaintiff's central allegation in this case is that FMS and the Maryland Department of Budget and Management Central Collection Unit have been intercepting the entire value of his payments in order to offset non-tax debt that he owes to the State of Maryland. Compl. ¶ 4; Proposed Am. Compl. ¶ 4. The complaints allege that this conduct began two months prior to the filing date of the original complaint in this action. Compl. ¶ 4; Proposed Am. Compl. ¶ 4. Plaintiff acknowledges that he has an outstanding debt,

but he challenges defendants' authority to collect the entire amount of his payments.  Compl. ¶¶ 4–5; Proposed Am. Compl. ¶¶ 4–5.  According to the complaint, defendants' actions undermine plaintiff's ability to pay for his rent, mortgage, insurance, utilities, and food.  Compl. ¶ 7; Proposed Am. Compl. ¶ 7.

II.   **Procedural Background**

Plaintiff filed his original complaint in Superior Court for the District of Columbia on June 14, 2012.  [Dkt. # 3-1] at 78–80.  Although plaintiff has not filed a motion for temporary restraining order in this case, the complaint was accompanied by a temporary restraining order affidavit of facts.  *Id.* at 81–83.  Plaintiff filed a motion for preliminary injunction on July 11, 2012.  [Dkt. # 3-1] at 24–27.  On August 2, 2012, the Superior Court judge granted defendant D. Smith's motion to quash proof of service and ordered plaintiff to file proper proof of service on Smith on or before October 12, 2012.  [Dkt. # 3-1] at 9–11.

On July 27, 2012, defendant FMS removed the action to this Court, *see* [Dkt. # 1], and on August 24, 2012, FMS filed a motion to dismiss or for summary judgment and an opposition to plaintiff's motion for preliminary injunction. [Dkt. # 6].  That motion is now fully briefed and pending before the Court.  By Minute Order of September 13, 2012, the Court consolidated plaintiff's motion for preliminary injunction with the merits, under Federal Rule of Civil Procedure 65(a)(2).

The following months were occupied by plaintiff's attempts to perfect service on defendant Smith and the parties' attempts to resolve the dispute on their own.  By Order of August 17, 2012, the Court required plaintiff to file proper proof of service on defendant D. Smith on or before October 12, 2012.  [Dkt. # 4].  Plaintiff filed a return of service for Smith on September 21, 2012, [Dkt. # 10], and on October 10, 2012, Smith filed a motion to quash service

of process, [Dkt. # 14].  In response, the Court issued an Order on October 10, 2012, requiring plaintiff to cause process to be served on Smith in her official capacity in accordance with Federal Rule of Civil Procedure 4(j)(2) and to file proof of service with the Court on or before October 31, 2012.  [Dkt. # 16].  On October 26, 2012, plaintiff filed proof of service with the Court.  [Dkt. # 18].  However, noting that the complaint was not clear as to whether Smith was named as a defendant in her individual capacity or her official capacity, the Court, by Minute Order of November 5, 2012,[1] ordered plaintiff to file a notice with the Court on or before November 13, 2012, indicating the capacity in which Smith was sued.  In response, plaintiff filed a notice on November 7, 2012, [Dkt. # 19], indicating that Smith is named in her official capacity.  Accordingly, the Court issued an Order on November 8, 2012, requiring plaintiff to file proof of service on Smith in her official capacity by no later than December 10, 2012. Plaintiff filed its return of service on November 12, 2012, and Smith filed a motion to quash the return of service on November 26, 2012.  [Dkt. # 24].  Finally, by Minute Order of December 10, 2012, the Court ordered defendant Smith to file a memorandum explaining why the proof of service filed by plaintiff on October 26, 2012 was not sufficient to establish that Smith was properly served in her official capacity.  In response to that Minute Order, Smith filed a motion to dismiss or for summary judgment, [Dkt. # 25], and withdrew her motion to quash, *see* Notice of Withdrawal [Dkt. # 27].  Smith's dispositive motion is now fully briefed and pending before the Court.

With the consent of the parties, the Court referred this action to mediation on February 11, 2013.  [Dkt. # 31].  On April 11, 2013, the parties notified the Court that mediation was not successful.  [Dkt. # 34].  Shortly thereafter, plaintiff filed a motion for leave to file an amended

---

1    This Minute Order was amended by subsequent Minute Order of November 6, 2012, to change the deadline for plaintiff's notice from November 12, 2013 to November 13, 2012.

complaint, [Dkt. # 35], which both defendants have opposed [Dkt. # 42, 44].  FMS has also filed

a renewed motion to dismiss or for summary judgment as to the proposed amended complaint.

[Dkt. # 43].  And on June 17, 2013, plaintiff filed his own motion for summary judgment.  [Dkt.

# 47].

<b>STANDARD OF REVIEW</b>

**I.      Motion to Dismiss**

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must

"treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all

inferences that can be derived from the facts alleged.'"  *Sparrow v. United Air Lines, Inc.*, 216

F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir.

1979) (citations omitted); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir.

2011).   Nevertheless, the Court need not accept inferences drawn by the plaintiff if those

inferences are unsupported by facts alleged in the complaint, nor must the Court accept

plaintiff's legal conclusions.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

A *pro se* plaintiff's complaint will be held to "less stringent standards than formal

pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But even a *pro se*

complaint "must plead factual matter that permits the court to infer more than the mere

possibility of misconduct."   *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal

citations and quotation marks omitted).

**A.      Subject Matter Jurisdiction**

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a

preponderance of the evidence.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992);

*Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).  Federal courts are courts

of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharm.*, *Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

B.     Failure to State a Claim

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' 'that the pleader is entitled to relief.'"  *Id.* at 679, quoting Fed. R. Civ. P. 8(a)(2).  A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.* at 678, quoting *Twombly*, 550 U.S. at 555, and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *id.*  In ruling upon a motion to dismiss, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *Equal Emp't Opportunity Comm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

II.     **Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  To defeat summary judgment, the non-moving party must "designate specific facts showing there is a genuine issue for trial."  *Id.* at 324 (internal quotation marks omitted).  The existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 247–48 (1986).  A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is only "material" if it is capable of affecting the outcome of the litigation.  *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987).  In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'"  *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

## ANALYSIS

Both the complaint and the proposed amended complaint allege that defendants have exceeded their authority under the law by withholding plaintiff's federal payments in full rather than merely offsetting some portion of the funds to be paid.  Compl. ¶¶ 4–5, 8–10; Proposed Am. Compl. ¶¶ 4–5, 8–10.  Although plaintiff lodges a series of other allegations of wrongdoing against both defendants in his oppositions to their motions to dismiss, [Dkt. # 9, 28], the only claim that plaintiff makes in the complaint and the proposed amended complaint is that defendants are wrongly collecting the entire value of his federal payments instead of collecting some smaller percentage of the value.  Accordingly, that is the only claim that the Court will consider.  *See Daniels v. District of Columbia*, 894 F. Supp. 2d 61, 69 (D.D.C. 2012), quoting *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) (internal quotation marks omitted) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss . . . .").

Plaintiff seeks injunctive relief, compensatory and punitive damages, and court costs. Compl. ¶ 9; Proposed Am. Compl. ¶ 9.  The complaint seeks $65,000 in compensatory/punitive

damages, Compl. ¶ 10, and the proposed amended complaint seeks $500,000, Proposed Am.

Compl. ¶ 10.

I.      **Defendant FMS's Motion to Dismiss or for Summary Judgment as to the Original Complaint**

Defendant FMS has moved to dismiss all claims against it or, in the alternative, for

summary judgment.

FMS's motion to dismiss is based on grounds of sovereign immunity, subject matter

jurisdiction, and failure to state a claim upon which relief may be granted.[2]  The Court will

dismiss plaintiff's claim for monetary relief against FMS because the claim is barred by

sovereign immunity, and the Court lacks jurisdiction over it.

The Tucker Act vests the United States Court of Federal Claims with exclusive

jurisdiction over claims seeking over $10,000 in monetary damages, unless Congress has granted

another court authority to hear the claim concurrently.  28 U.S.C. §§ 1346(a)(1)–(2), 1491(a)(1)–

(2); *see also Kidwell v. Dep't of the Army*, 56 F.3d 279, 283 (D.C. Cir. 1995), citing *Bowen v.*

*Massachusetts*, 487 U.S. 897, 910 n.48 (1988).  Plaintiff's claim for damages exceeds the

---

2      The motion also cites plaintiff's failure to properly serve FMS under Federal Rule of
Civil Procedure 8(a)(2).  *See* Def.'s Mot. to Dismiss or for Summ. J. ("FMS's Mot.") [Dkt. # 6]
at 2.  However, the Court declines to address this ground because plaintiff – who is proceeding
*pro se* – has now filed a proper return of service on FMS, Return of Service/Aff. (October 5,
2012) [Dkt. # 13], and FMS has not been disadvantaged by the belated nature of the service but
has been actively involved in this case since its inception.  *See Ali v. Mid-Atl. Settlement Servs.,*
*Inc.*, 233 F.R.D. 32, 35 (D.D.C. 2006), quoting *Karlsson v. Rabinowitz*, 318 F.2d 666 (4th Cir.
1963) ("[W]here the defendant has received actual notice of the action, [the Federal Rules]
should be liberally construed to effectuate service and uphold the jurisdiction of the court.").  In
addition, the Court declines to dismiss this case under Federal Rule of Civil Procedure 8(a)(2) for
failure to show that the pleader is entitled to relief.  The Court finds that plaintiff's complaint
includes a sufficient plain statement of the claim such as to give "the defendant fair notice of
what the plaintiff's claim is and the grounds upon which it rests[.]"  *Swierkiewicz v. Sorema*
*N.A.*, 534 U.S. 506, 512 (2002).

$10,000 limit, and plaintiff has not identified any statute that would vest this Court with concurrent jurisdiction.[3]

In addition, plaintiff has not identified any waiver of the United States' sovereign immunity as to his claim for damages against FMS.[4]  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted); *see also Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir. 1990) ("[W]aivers of sovereign immunity, the Supreme Court has repeatedly reminded us, must be narrowly construed.").  Moreover, "to sustain a claim that the government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims."  *Lane*, 518 U.S. at 192.  The only federal statute that plaintiff cites in favor of his claims is the Debt Collection Improvement Act of 1996 ("DCIA"), 31 U.S.C. § 3701, *et seq.  See* Statutes to Support Pl.'s Arguments in his Am. Compl. [Dkt. # 35-2] ¶¶ 1–3.  That statute governs the United States' withholding of funds to satisfy a claim.  31 U.S.C. § 3701.  Plaintiff has not identified any waiver of sovereign immunity in that

---

3      In fact, neither plaintiff's complaint nor his opposition to FMS's motion to dismiss or for summary judgment specify which statute, regulation, or other source of law plaintiff believes FMS has violated.  However, since plaintiff has provided the Court a list of the statutes that he believes support his claims, – as both an attachment to his proposed amended complaint and his motion for summary judgment – the Court will construe the claims in the complaint as arising under the statutes listed in that document.  *See* Statutes to Support Pl.'s Arguments in his Am. Compl. [Dkt. # 35-2].

4      The Court also notes that in his opposition to FMS's motion, plaintiff failed to address FMS's sovereign immunity argument.  On that basis alone, the Court could treat FMS's argument as conceded and dismiss plaintiff's claims for damages against it.  *See Durant v. District of Columbia*, -- F. Supp. 2d --, Civ. A. No. 10-25, 2013 WL 1189363, at *8 (D.D.C. Mar. 25, 2013), citing *McMillan v. Wash. Metro. Area Transit Auth.*, 898 F. Supp. 2d 64, 69 (D.D.C. 2012) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion . . . addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").  However, because plaintiff is proceeding *pro se*, the Court declines to dismiss the claim on that basis alone.  *See Rodriguez v. Donovan*, -- F. Supp. 2d --, Civ. A. No. 12-434, 2013 WL 504160, at *3 (D.D.C. Feb. 12, 2013).

statute that would apply to his claims for monetary damages, and the Court does not find any. Accordingly, the Court finds that plaintiff's claim for monetary relief against FMS is barred by sovereign immunity, and it will grant FMS's motion to dismiss that claim under Federal Rule of Civil Procedure 12(b)(1).

However, to the extent that plaintiff seeks an injunction barring FMS from continuing to intercept his entire payments, Congress has waived the government's sovereign immunity and vested jurisdiction in this Court over that claim through the Administrative Procedure Act, 5 U.S.C. § 702; *see also Sea-Land Serv., Inc. v. Alaska R.R.*, 659 F.2d 243, 244 (D.C. Cir. 1981) (stating that the Administrative Procedure Act "eliminate[es] sovereign immunity defense[s] in all actions for specific, nonmonetary relief against a United States agency or officer acting in an official capacity").

Nonetheless, the Court finds that summary judgment in favor of FMS is warranted on the claim for injunctive relief.  A motion to dismiss must be treated as a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court."  Fed. R. Civ. P. 12(d); *see also Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003) (holding that district court's consideration of matters outside the pleadings converted the defendant's Rule 12 motion into one for summary judgment).  Because both parties have submitted documents outside of the pleadings, and the Court will rely on them to resolve at least some issues presented by FMS's motion, the Court will proceed directly to FMS's motion for summary judgment.

As described above, plaintiff has indicated that the legal basis for his claim against FMS arises under the DCIA and the regulations implementing it.  *See* Statutes to Support Pl.'s

Arguments in his Am. Compl., [Dkt. # 47] at 7; [Dkt. # 35-2] at 5.[5]   The DCIA authorizes the Department of Treasury to enter into a reciprocal agreement with a state, under which FMS agrees to offset certain federal payments – including vendor payments – in order to collect non-tax debts owed to the state.   31 U.S.C. § 3716(h); 31 C.F.R. § 285.6; 31 C.F.R. § 285.5(e)(1) (stating that vendor payments are eligible for offset in accordance with 31 U.S.C. 3716).   Such a reciprocal agreement exists between FMS and the State of Maryland.   *See generally* Kobielus Decl., Ex. A to FMS's Mot [Dkt. # 6-1].   The system by which FMS collects debt under the DCIA is called the Treasury Offset Program ("TOPS").   *See Lepelletier v. U.S. Dep't of Educ.*, Civ. A. No. 09-1119, 2009 WL 4840153, at *1 (D.D.C. Dec. 14, 2009).   In this case, debts have been certified to TOPS from the District of Columbia and the State of Maryland.   Kobielus Decl. ¶ 6.

Although plaintiff claims that FMS does not have the authority to deprive him of the entire value of his independent contractor payments, he does not cite any provision of the DCIA, any regulation, or any other source of law that caps the portion of a vendor payment that FMS may collect once an authorized state has certified a debt to TOPS.   Rather, the DCIA states that "a disbursing official of the Department of Treasury . . .  shall offset at least annually the amount of a payment which a payment certifying agency has certified to the disbursing official for disbursement, by an amount equal to the amount of a claim which a creditor agency has certified to the Secretary of the Treasury pursuant to this subsection."   31 U.S.C. § 3716(c)(1)(A).   And the implementing regulation – entitled Administrative Offset Under Reciprocal Agreements with States – 31 C.F.R. § 285.6(h)(1), expressly incorporates 31 C.F.R. § 285.5(f)(2)(i), which states

---

5      Moreover, in plaintiff's opposition to FMS's motion to dismiss or for summary judgment, plaintiff does not oppose FMS's characterization of his claims in its motion as arising under the DCIA.   *See* FMS's Mot. at 2.

that, "[e]xcept as otherwise provided in 31 C.F.R. § 285.4(e) and 285.7(g) (addressing centralized offset of certain Federal benefit payments and salary payments, respectively), the disbursing official shall offset the lesser of:  (A) The amount of the payment shown on the payment record; or (B) The amount of the debt, including any interest, penalties and administrative costs . . . ."  31 C.F.R. § 285.5(f)(2)(i); *see also* 31 C.F.R. § 285.6(h)(1) ("Disbursing officials shall conduct administrative offset under this section in the same manner as set forth in 31 C.F.R 285.5(f) through (i).").

The two express exceptions to the requirements imposed upon the disbursing official are not applicable here.  The first, 31 C.F.R. § 285.4(e), provides limits for the percentage of an individual's "monthly covered benefit payment" that may be offset.  A "monthly covered benefit payment" as defined by the regulation is "a covered benefit payment payable to a payee on a recurring basis at monthly intervals that is not expressly limited in duration, at the time the first payment is made, to a period of less than 12 months." 31 C.F.R. § 285.4(b).  And the provisions of the regulation expressly apply only to "Federal benefit payments payable to an individual under the Social Security Act . . ., part B of the Black Lung Benefits Act, or any law administered by the Railroad Retirement Board[.]" 31 C.F.R. § 285.4(a).  Here, plaintiff does not allege that he receives any "monthly covered benefit payment" from the federal government that is being offset or withheld.  Rather, plaintiff's complaint, as well as his opposition to defendant's motion, specifically aver that the payments that have been offset are fees plaintiff receives for independent contract work upon submission of a voucher to the District of Columbia Superior Court Finance Office.  Compl. ¶ 2; Pl.'s Opp. to Def.'s Mot. to Dismiss and For Summ. J. ("Pl.'s Opp. to FMS's Mot.") [Dkt. # 9] at 1.  Accordingly, this exception does not apply.

The second exception also does not apply.  31 C.F.R. § 285.7(g) provides a cap for the percentage of an individual's "salary payment" that may be offset.  According to the regulation, "salary offset means administrative offset to collect a debt owed by a Federal employee from the current pay account of the employee."  31 CFR § 285.7(b).  But again, plaintiff has provided no evidence – and indeed, not even an allegation – that he is a federal employee or that he earns a "salary" that is being offset.  First, in the complaint, plaintiff characterizes his status as an independent contractor – not an employee.[6]  Compl. ¶ 2.  This status is confirmed by the form of the proof of payment from the General Services Administration that plaintiff has attached to his complaint as an exhibit.  [Dkt. # 3-1] at 122.  The form is labeled "invoice," it lists Mshairi J. Miller as the "vendor name," and it states:  "This notice identifies the invoice, purchase order or similar document numbers to which the enclosed check relates."  *Id.*  In other words, the payments are not federal employee salary, but vendor payments.  Finally, plaintiff attaches to the complaint three "Notices of Intent to Offset" from the Maryland Department of Budget and Management dated May 5, 2012.  All three notices explain that his "federal vendor payments" will be offset to satisfy outstanding debt with the Central Collection Unit, State of Maryland.  [Dkt. # 3-1] at 102–104.  The documents expressly note that "Federal Income Tax refunds;

---

6       The Court notes that in his opposition to FSM's motion, plaintiff avers that legal investigators make an annual salary of $65,000 and receive "a whole Pay Check every Friday in the month," Pl.'s Opp. to FMS's Mot. at 2, but the complaint characterizes his legal investigator role as an "independent contractor" who gets paid on a per-case basis by submitting a voucher for the work performed on that case, Compl. ¶ 2.

Federal Social Security Benefits, Federal Salary Payments; etc. are not Federal Vendor Payments and are not subject to offset." *Id.*[7]

Therefore, plaintiff has failed to establish that any of the federal statutes or regulations under which his claims arise prohibit FMS from collecting the entire amount of his vendor payments. Rather the DCIA and the implementing regulations *require* FMS to offset the entire amount of the vendor payment if that amount is less than the debt owed. 31 C.F.R. § 285.6(h)(1), incorporating 31 C.F.R. § 285.5(f)(2)(i). Accordingly, the Court will grant summary judgment to FMS as to plaintiff's request for injunctive relief.

## II.      Plaintiff's claims against Smith

The Court will also grant Smith's motion to dismiss.

First, plaintiff's claim against Smith for monetary relief, and any claim against Smith arising under Maryland state law, are both barred by sovereign immunity. Importantly, Smith is sued in this case in her official capacity as an accounts manager for the Maryland Department of Budget and Management, not in her individual capacity.[8] A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's

---

7    Plaintiff also attaches several notices from FMS dated 2009 and 2010, which indicate that FMS was intercepting federal payments to satisfy non-tax debt that had been certified from the State of Maryland. [Dkt. # 3-1] at 119–121. Plaintiff, however, does not contend that the nature of the payments offset at that time was any different from payments offset in 2012. Rather, plaintiff alleges in his complaint that he has been an independent contractor acting as a legal investigator for the Superior Court of the District of Columbia for the past seven years. Compl. ¶ 1. Moreover, his complaint only contests the funds intercepted in the two months prior to the filing of the complaint, Compl. ¶ 4, which are April and May of 2012, so the notices from 2009 and 2010 are not relevant to the claims underlying this action.

8    In response to the Court's Minute Order of November 5, 2012, requiring plaintiff to file a notice informing the Court whether he intended to serve defendant D. Smith in her individual or official capacity, plaintiff clarified that Smith is sued in her official capacity as an accounts manager for the Maryland Department of Budget and Management, not in her individual capacity. *See* Notice to Ct. of Serv. of Process for D. Smith, [Dkt. # 19] ¶¶ 3–4.

office," and is, therefore, no different from a suit against the State itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  In the absence of a waiver of sovereign immunity, the Eleventh Amendment bars suits for retroactive monetary relief brought against a State by its own citizens in federal court.  *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  Moreover, suits against a state, brought in federal court, for violation of a state law, are also barred by the Eleventh Amendment, even if the court would otherwise have supplemental jurisdiction over state law claims.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also McNeilus Truck  & Mfg., Inc. v. Ohio ex rel. Montgomery*, 226 F.3d 429, 438 (6th Cir. 2000).

Plaintiff has not pointed the Court to any provision of state or federal law that would waive Maryland's sovereign immunity, and the Court does not find a waiver in any of the state or federal statutes that plaintiff cites as the basis for his claims.  *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 239–40 (1985) (holding that courts will only find a waiver of sovereign immunity "'by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction'"), quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 116 (1996) ("Congress may abrogate states' sovereign immunity if it has 'unequivocably expresse[d] it intent to abrogate the immunity' and has acted 'pursuant to a valid exercise of power.'"), quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985).  Accordingly the Court will dismiss plaintiff's claims for monetary relief against Smith and any claim against Smith arising from Maryland state law.  *See Rodriguez v. Editor in Chief, Legal Times*, No. 07-5234, 2008 WL 2396189, at *1 (D.C. Cir. Feb. 25, 2008) (per curiam) (summarily affirming the district court's dismissal of claims for money damages against Virginia state defendants in their official capacities as barred by the Eleventh Amendment).

However, under *Ex Parte Young*, 209 U.S. 123 (1908), "a private party can sue a state officer in his or her official capacity to enjoin prospective action that would violate federal law." *Ameritech Corp. v. McCann*, 297 F.3d 582, 586 (7th Cir. 2002).   The problem here is that plaintiff has not identified any federal law that Smith has violated.  Plaintiff objects only to the portion of his vendor payments that the federal government is withholding at Maryland's behest. His complaint does not contest the underlying debt or the process that the State used to certify debt to FMS.   *See* Compl. ¶ 4 ("Plaintiff acknowledges that there was some out[s]tanding [d]ebts, but Defendants should not be collecting whole Pay Checks.").   Yet plaintiff has not shown that the State of Maryland plays any role in determining what portion of an individual's federal payment will be withheld once the State has certified a debt to FMS under the TOPS program.  And, as the Court has already explained, the DCIA requires that "a disbursing official of the Department of Treasury . . .  shall offset at least annually the amount of a payment which a payment certifying agency has certified to the disbursing official for disbursement, by an amount equal to the amount of a claim which a creditor agency has certified to the Secretary of the Treasury pursuant to this subsection."   31 U.S.C. § 3716(c)(1)(A).   Under the DCIA, the State plays no role in determining what portion of an individual's federal payment is offset, apart from certifying to FMS how much is owed, and FMS is bound to satisfy the entire debt.  Accordingly, plaintiff has failed to state a claim against Smith under Federal law upon which relief can be granted.

### III.   Plaintiff's motion for leave to file an amended complaint

Plaintiff's proposed amended complaint does not cure any of the deficiencies identified above:  (1) the jurisdiction and immunity bars that prevent plaintiff from asserting his claims for monetary relief against FMS or Smith and his claims against Smith under state law, (2) the

deficiencies in plaintiff's claims against FMS for injunctive relief, or (3) the deficiencies in plaintiff's claims against Smith arising under federal law.  Accordingly, the Court will deny his motion for leave to amend the complaint.

When a party seeks to amend its pleading after a responsive pleading has been served, the Court should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  When evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint.  *Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court may deny leave to amend based on futility "if the proposed claim would not survive a motion to dismiss."  *Rumber v. District of Columbia*, 598 F. Supp. 2d 97, 102 (D.D.C. 2009), citing *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  The only difference between the original complaint and the proposed amended complaint is the amount of damages that plaintiff demands.  This does not cure any of the deficiencies in his original complaint.  Accordingly, the Court will deny plaintiff leave to file an amended complaint because his amendment would be futile.

## CONCLUSION

For the above-stated reasons:

1.  The Court will grant defendant FMS's motion to dismiss or for summary judgment.  For plaintiff's claims for monetary relief, the motion will be granted as to the motion to dismiss.  For plaintiff's claims against FMS for injunctive relief, the motion will be granted as to the motion for summary judgment.

2.  The Court will grant defendant D. Smith's motion to dismiss or for summary judgment as to the motion to dismiss.

3.  The Court will deny plaintiff's motion for leave to amend the complaint;

4.  The Court will deny as moot FMS's renewed motion to dismiss or for summary judgment; and

5.  The Court will deny as moot plaintiff's motion for summary judgment.

A separate Order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  July 10, 2013